TOLEDO v. ABRAHAM SMITH.

1. NOT ORDINARY CARE TO WALK OVER A SIDEWALK KNOWN TO BE DEFECTIVE AND UNSAFE WHEN IT CAN EASILY BE AVOIDED.

A person who in the daytime voluntarily attempts to pass over a sidewalk in a city which he knows from any cause to be dangerously defective and which he might easily have avoided, cannot be regarded as in the exercise of ordinary care or prudence, and therefore cannot maintain an action against a municipality for damages sustained on account of any such known defect, even if the city was guilty of negligence in allowing such defect to exist.

2. ERRONEOUS CHARGE AS TO CONTRIBUTORY NEGLIGENCE.

A charge that if an ordinarily prudent man would have attempted to pass over a walk alleged to be dangerously defective, with knowledge of its condition, and if the plaintiff in attempting to do so exercised the care which an ordinarily prudent person would have exercised in the condition which you find this walk was in at that time, he was not guilty of negligence in attempting to use the walk and is entitled to recover, held error.

[Syllabus approved by the court.]

ERROR to Lucas common pleas court.

WILDMAN, J.

The case of city of *Toledo* v. *Smith,* is brought to reverse a judgment rendered in favor of Smith against the city in the court of common pleas upon a verdict in his favor for $3,000. It is a personal injury case, the injury sustained being the result of a fall upon a sidewalk alleged to have been dangerously defective, and negligently maintained, or permitted to remain, in that condition.

The facts of the case as disclosed upon a former trial, are sufficiently recited for our purpose in the case of *Smith* v. *Toledo,* 30 O. C. C. 454 (11 N. S. 167). At that trial, at the close

of plaintiff's evidence, the court arrested the case from the jury, and Smith was compelled to come to this court by a proceeding in error to reverse the judgment. We found error in the proceeding and remanded the case for a new trial. Upon the new trial so ordered Smith obtained the verdict just stated.

Several grounds of error are urged, but there is only one to which we desire to invite special attention in this opinion. Prior to the giving of the general charge by the court, but after the argument, the defendant below requested the court to give to the jury this instruction, found on page 192 of the bill of exceptions:

"A person who in the daytime voluntarily attempts to pass over a sidewalk in a city which he knows from any cause to be defective or unsafe and which he might easily have avoided, cannot be regarded as in the exercise of ordinary care or prudence, and therefore cannot maintain an action against a municipality for damages sustained on account of any such known defect, even if the city was guilty of negligence in allowing such defect to exist."

This instruction the court refused to give, and the city, through its counsel, duly excepted. The sidewalk is referred to in this instruction as known to be defective *or* unsafe, and the language may perhaps have been interpreted by the court as erroneously attempting to lay down a rule which would apply to either one of these conditions; that is to say, an unsafe condition or one in which a defect existed which was not necessarily attended with danger. We hardly think, however, that the court refused the instruction upon this ground, because, as will presently be shown, in the general charge in several instances the court uses the term "defective" sidewalk, evidently having in mind a dangerous condition. The action is based upon the alleged negligent maintenance of a dangerous defect. Defects not dangerous were not under consideration.

Counsel asked, as the bill of exceptions states upon the page referred to, that the court give the instruction "at that time." Of course the court was not bound to give it at the very instant of its being presented, and perhaps a reasonable construction of the request of counsel may be that it was de-

Toledo v. Smith.

sired that the court should give it in connection with or as a part of the general charge. We think that notwithstanding the use of the conjunction "or" instead of "and," or the use of the entire expression "defective or unsafe" instead of such an expression as dangerously defective, or something equivalent to that, and notwithstanding the fact that the request was made that it be given as stated, "at that time," the court's attention was sufficiently called to the general rule which was sought, to require the court to give clearly and correctly the proper rule upon that subject. That the court's attention was directed to it is evident from a good deal of language in the general charge. I pass to page 195, where in the general charge on the matter of the plaintiff's contribution to his injury by his own claimed lack of care, or perhaps we might denominate it by his assumption of whatever peril was involved in going over a sidewalk of this character, the court used this language:

"You are instructed further that it was also the duty of the plaintiff Smith while walking along Woodland avenue at the time that he alleges that he fell and was injured to exercise ordinary care upon his part to avoid injury. If the walk was defective,"—(the word "dangerously" not being used to qualify defective, but as we think, evidently understood by the judge to be characteristic of the defect about which he was speaking)—"and the plaintiff Smith knew that fact, then it was his duty to exercise the same degree of care in passing over the walk, or in passing along Woodland avenue at that point, which an ordinarily prudent person would customarily exercise in passing over a walk in such a defective condition or in passing along the street at that point. If the walk was defective,"—(meaning again evidently "dangerously defective")—"at the point where he claims to have fallen and the plaintiff Smith knew that fact and with less danger to himself, or with comparative safety to himself, he could have stepped over the walk and passed over the space between the sidewalk and the ditch alongside of the street, *and if an ordinarily prudent man knowing the condition of the walk would have done so, and would not have attempted to pass over the walk,* then it was the duty of the plaintiff Smith to have done so at the time he was in-

jured, and in failing to leave the walk and in attempting to walk over it he was himself negligent and cannot recover even though the city may have been negligent in failing to repair the walk.''

And then we come to language which to our minds is seriously objectionable in view of the rules which have been announced from time to time by the Supreme and other courts of the state. It is as follows:

''If, however, an ordinarily prudent man would have attempted to pass over the walk under all the circumstances and having knowledge of its defective condition, and if the plaintiff Smith in attempting to do so exercised the care which an ordinarily prudent person would have exercised in the condition which you find this walk was in at that time, he was not guilty of negligence in attempting to use the walk and is entitled to recover.''

The rule in Ohio, as announced by the Supreme Court in *Schaefler* v. *Sandusky*, 33 Ohio St. 246 [31 Am. Rep. 533], approved in *Conneaut* v. *Naef*, 54 Ohio St. 529 [44 N. E. Rep. 236], and *Norwalk* v. *Tuttle*, 73 Ohio St. 242 [76 N. E. Rep. 617], and followed and applied by this court on the former hearing of this case, is that where a pedestrian voluntarily goes upon a dangerously defective sidewalk, where its condition is known to him or is obvious, which he might easily avoid, a municipality is not liable to him for any injuries sustained by him.

The Supreme Court seems to have made a rule of law applicable to this class of cases precisely as it has made a rule of law applicable to the case of a traveler approaching a known railroad crossing. It is based upon the general proposition that a person so going upon a sidewalk or a person approaching a known railroad crossing is held to the exercise of ordinary care, and that as matter of law under certain circumstances it will not be ordinary care for him to conduct himself in certain ways. At to the approaching of a railroad crossing it has been repeatedly laid down by the Supreme Court that he must exercise his faculties of sight and hearing to warn him of the approach of a train upon the track if there be one approaching, and that

Toledo v. Smith.

if he omits such precautions he is held by the court not to have exercised ordinary care, and the matter is not left to the jury for its determination.  It would seem to be error under such circumstances to charge a jury that while it is the duty of a person approaching a railway crossing to exercise his faculties of vision and hearing for his protection, still he will be excused from doing it if the jury should find that persons of ordinary prudence are accustomed to omit such precaution.  Likewise the court has established as a rule of presumption of law that it is not ordinary care for a person to incur a danger voluntarily which he might easily avoid, and it is not left as an open question to the jury to determine whether or not he was acting as other prudent people do if they find that he did those things which the law says are negligent.  Almost this precise question was raised in the case of *Bond Hill (Vil.)* v. *Atkinson,* 9 Circ. Dec. 185 (16 R. 470), a case decided by the Hamilton circuit court, the opinion being announced by Judge Smith.  I will not read from the case, but cite it for its examination by counsel.  The court held that it was error to qualify as was done in the case at bar, the general rule which has been established by the Supreme Court. Among the numerous cases which might be cited in further illustration of the subject is that of *Cincinnati* v. *Taylor,* 10 Circ. Dec. 677 (19 R. 737), where it was held that a person who voluntarily attempts to pass over a sidewalk which he knows to be dangerous by reason of defects and which he might easily have avoided *cannot be regarded as exercising ordinary prudence* and is not entitled to recover for injuries thereby received.  Of course this is almost precisely as stated in the Schaefler case, but it is in a little different form, and I use it simply as illustrative of the fact that the courts have laid down a rule as to what constitutes negligence *per se,* and that it is not permissible to weaken that rule by any sort of a qualification, leaving the question open to the jury for its determination to say whether or not the rule should or should not apply.

Now it is conceivable that there might be such trivial defects in a sidewalk as that, while they might be in some degree dangerous, they might still not be so dangerously defective as to

Lucas County.

raise the presumption of negligence against a person in going upon them. But my own notion is that if they are of such a character that the city owed a duty to the plaintiff to repair, and if the plaintiff had knowledge of the condition, that then the rule would apply to his conduct. I have stated somewhat more fully than I perhaps otherwise should have done the views which lead to the result about to be announced, because of the fact that it is with the general reluctance that I conclude that the case should be reversed, this court having once reversed it in behalf of the plaintiff and returned it for a new trial. But all considerations should yield to the desire on the part of the court to secure a fair trial for both parties, and the fairness of an adjudication is of much more consequence than speed in arriving at the end of the litigation. We are of the view, both of us, that the judgment should be reversed because of the error of the court in this charge, but I am not prepared to say that we base our judgment entirely upon the same line of reasoning. As to the other matters involved in the case, we find no error sufficiently prejudicial to the plaintiff in error to justify a reversal.

The judgment of the court is that the judgment below be reversed and the cause remanded for a new trial.

KINKADE, J., concurring.

As Judge Wildman has said, we are quite agreed that the judgment should be reversed by reason of the error in the general charge to which he has called particular attention. Reading the language in the charge that he has mentioned as "dangerously defective," which perhaps is justified, as the court was discussing only a sidewalk in that condition, I have no fault to find with the conclusion reached, but on the other hand, heartily concur in the conclusion reached. If the court were to say to the jury that if the walk was found by them to be dangerously defective, and was known by the plaintiff to be dangerously defective, and the jury found that there was another way easily and conveniently available which he might have taken, that he knew of, he then assumed the risk of taking the dangerous route, I would find no fault with that charge. It

### Toledo v. Smith.

seems to me that it would be better to make some qualification of what constitutes the danger that is being spoken of, and in order that I may not be misunderstood in what I have in mind in this regard I want to say I think it would be better to say to the jury that if the walk in question was so defective and unsafe as that persons of ordinary care and prudence knowing its condition and having a safe way for travel easily and conveniently available would avoid the walk and take the safe way, then plaintiff in this case cannot recover, if he knew, or by the exercise of ordinary care, would have known that the walk was defective to this extent, and there was a safe way easily and conveniently available, known to the plaintiff, which he might have used in reaching his destination. In such case one cannot be exercising ordinary care, when with knowledge of a dangerously defective condition of the walk he voluntarily and unnecessarily elects to take the dangerous route, and this is true regardless of the degree of care he may exercise while passing over the defective walk.

---

## RAILROADS.

[Franklin (2nd) Circuit Court, May, 1910.]

Sullivan, Winch and Allread, JJ.

(Judge Winch of the eighth circuit, sitting in place of Judge Dustin.)